1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10              **WESTERN DIVISION**

11

12  HAROLD VINCENT FRANKLIN,        )        No. CV 15-388-R (PLA)
                                    )
13              Petitioner,         )
                                    )
14      v.                          )        **ORDER TO SHOW CAUSE RE: DISMISSAL**
                                    )        **OF SUCCESSIVE PETITION**
15  CONNIE GIPSON, Warden,          )
                                    )
16              Respondent.         )
                                    )
17  _____)

18

19      On January 20, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in

20  State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.") in the United States District Court

21  for the Central District of California.  In the Petition, petitioner challenges his December 23, 2008,

22  conviction in the Los Angeles County Superior Court, case number YA072757, for second degree

23  robbery, making criminal threats, and felony assault with great bodily injury.  (Pet. at 2).

24      On June 8, 2011, petitioner previously filed a habeas petition in this Court, in Case No. CV

25  11-5386-R (PLA), also challenging his 2008 conviction in Los Angeles County Superior Court

26  Case number YA072757 ("2011 Petition").  The 2011 Petition was dismissed on the merits with

27  prejudice pursuant to the Judgment entered on June 4, 2013.

28

1    A federal habeas petition is successive if it raises claims that were or could have been

2 adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th

3 Cir. 2001) (per curiam).  The AEDPA provides that a claim presented in a second or successive

4 federal habeas petition that was not presented in a prior petition shall be dismissed unless:

5      (A) the applicant shows that the claim relies on a new rule of constitutional law,
       made retroactive to cases on collateral review by the Supreme Court, that was
6      previously unavailable; or

7      (B)(i) the factual predicate for the claim could not have been discovered previously
       through the exercise of due diligence; and
8

9      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a
       whole, would be sufficient to establish by clear and convincing evidence that, but for
10     constitutional error, no reasonable factfinder would have found the applicant guilty
       of the underlying offense.

11

12 28 U.S.C. § 2244(b)(2)(A), (B).

13    Furthermore, "[b]efore a second or successive application permitted by this section is filed

14 in the district court, the applicant shall move in the appropriate court of appeals for an order

15 authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

16 In his 2011 Petition, petitioner raised the following grounds for relief: (1) the trial court committed

17 instructional error by failing to instruct on the lesser included offense of petty theft and on the

18 "claim of right" defense, and by instructing the jury with CALCRIM No. 362; (2) petitioner's

19 constitutional rights were violated by the intentional suppression of evidence; and (3) petitioner

20 received ineffective assistance of counsel.  (Case No. CV 11-5386-R (PLA), Dkt. No. 65 (Report

21 and Recommendation, issued on May 14, 2013, at 3-4)).  As mentioned above, the action was

22 dismissed on the merits and with prejudice.  (Case No. CV 11-5386-R (PLA), Dkt. Nos. 70, 71

23 (Order Adopting Magistrate Judge's Final Report and Recommendation and Judgment, both

24 entered on June 4, 2013)).  Petitioner's request for a certificate of appealability was denied.  (Case

25 No. CV 11-5386-R (PLA), Dkt. No. 72).  His request to the Ninth Circuit for a certificate of

26 appealability was denied on October 27, 2014.  (Case No. CV 11-5386-R (PLA), Dkt. No. 80).

27    In the instant Petition, petitioner challenges the same conviction that he challenged in his

28 2011 Petition, setting forth the following grounds for relief:  (1) petitioner's constitutional rights

1  were violated because insufficient evidence was submitted at trial to support petitioner's

2  convictions for robbery and making criminal threats: (2) petitioner's Sixth and Fourteenth

3  Amendments rights were violated when the prosecutor knowingly used perjured testimony and

4  false evidence to support the convictions; and (3) cumulative error deprived petitioner of his due

5  process rights.  (Pet. at 5, 6).

6  Because the 2011 Petition was denied on the merits, the instant Petition is considered to be a

7  successive application.  Even if petitioner's claims in the instant Petition satisfied the AEDPA

8  standards for filing a successive petition, he nevertheless is required to seek authorization from

9  the Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A).  Here, there is no

10  indication that petitioner has obtained such permission from the Ninth Circuit.  See Burton v.

11  Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner

12  to receive authorization from the Court of Appeals before filing a second habeas petition).  It

13  therefore appears that the Court is without jurisdiction to entertain the current Petition under 28

14  U.S.C. § 2244(b).  See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district

15  court may not, in the absence of proper authorization from the court of appeals, consider a second

16  or successive habeas application.'").

17  Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be

18  dismissed as successive.  Specifically, **no later than February 16, 2015,** petitioner must submit

19  to the Court documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed

20  a motion in the Ninth Circuit for an order authorizing the district court to consider a successive

21  petition, and that the Ninth Circuit issued such an order.  **Failure to respond by February 16,**

22  **2015, will result in the instant Petition being summarily dismissed without prejudice**.[1]  See

23

24  [1]  In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit.  Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to
(continued...)

1    Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition

2    without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

3

4    DATED: January 26, 2015

_____
PAUL L. ABRAMS
5                                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

(...continued)
28   file the petition.

4

1

**<u>NOTICE</u>**

2        Reports and Recommendations are not appealable to the Court of Appeals, but are subject

3   to the right of any party to file Objections as provided in the Local Rules Governing Duties of

4   Magistrate Judges, and review by the District Judge whose initials appear in the docket number.

5   No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until

6   entry of the Judgment of the District Court.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28