# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| HAROLD VINCENT FRANKLIN, | No. CV 15-388-R (PLA) |
| Petitioner, | **ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE AND FOR FAILURE TO PROSECUTE AND FOLLOW COURT ORDERS** |
| v. | |
| CONNIE GIPSON, Warden, | |
| Respondent. | |

## I.

## BACKGROUND

On January 20, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.") in the United States District Court for the Central District of California. In the Petition, petitioner challenges his December 23, 2008, conviction in the Los Angeles County Superior Court, case number YA072757, for second degree robbery, making criminal threats, and felony assault with great bodily injury. (Pet. at 2).

On June 8, 2011, petitioner previously filed a habeas petition in this Court, in Case No. CV 11-5386-R (PLA), also challenging his 2008 conviction in Los Angeles County Superior Court Case number YA072757 ("2011 Petition"). The 2011 Petition was dismissed on the merits with prejudice pursuant to the Judgment entered on June 4, 2013.

On January 26, 2015, the Magistrate Judge issued an order requiring petitioner to show cause, on or before February 16, 2015, why the Petition should not be dismissed as successive. (Dkt. No. 3).  Petitioner was advised that his failure to timely file a response to the Order to Show Cause, or failure to show that he has obtained authorization to file a successive petition, "**will result in the instant Petition being summarily dismissed without prejudice**."  (Dkt. No. 3 at 3-4).

To date, petitioner has not filed a response to the January 26, 2015, Order to Show Cause, and his time to do so has passed.

## II.

### DISCUSSION

**A.   SUCCESSIVE PETITION**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam) (citation omitted).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

In his 2011 Petition, petitioner raised the following grounds for relief: (1) the trial court committed instructional error by failing to instruct on the lesser included offense of petty theft and on the "claim of right" defense, and by instructing the jury with CALCRIM No. 362; (2) petitioner's constitutional rights were violated by the intentional suppression of evidence; and (3) petitioner received ineffective assistance of counsel. (Case No. CV 11-5386-R (PLA), Dkt. No. 65 (Report and Recommendation, issued on May 14, 2013, at 3-4)). As mentioned above, the action was dismissed on the merits and with prejudice. (Case No. CV 11-5386-R (PLA), Dkt. Nos. 70, 71 (Order Adopting Magistrate Judge's Final Report and Recommendation and Judgment, both entered on June 4, 2013)). Petitioner's request for a certificate of appealability was denied. (Case No. CV 11-5386-R (PLA), Dkt. No. 72). His request to the Ninth Circuit for a certificate of appealability was denied on October 27, 2014. (Case No. CV 11-5386-R (PLA), Dkt. No. 80).

In the instant Petition, petitioner challenges the same conviction that he challenged in his 2011 Petition, setting forth the following grounds for relief: (1) petitioner's constitutional rights were violated because insufficient evidence was submitted at trial to support petitioner's convictions for robbery and making criminal threats: (2) petitioner's Sixth and Fourteenth Amendment rights were violated when the prosecutor knowingly used perjured testimony and false evidence to support the convictions; and (3) cumulative error deprived petitioner of his due process rights. (Pet. at 5, 6).

Even though petitioner is seeking to present *new* claims in the instant Petition, and even if the claims satisfied the AEDPA standards for filing a successive petition -- which they do not appear to do -- he nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). There is no indication that petitioner has obtained such permission from the Ninth Circuit. It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

disregard

disregard

disregard

disregard

disregard

disregard

disregard

disregard

disregard

1    In light of the foregoing, the Court finds that it is appropriate to dismiss the Petition without
2    prejudice as successive.

3    **B.    FAILURE TO PROSECUTE AND FOLLOW COURT ORDERS**

4        It is well established that a district court has authority to dismiss a petitioner's action because
5    of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v.
6    Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a
7    court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the
8    disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik
9    v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action
10   for failure to comply with any order of the court).

11       In determining whether to dismiss this action due to petitioner's failure to prosecute or comply
12   with court orders the Court must consider the following five factors:  "(1) the public's interest in
13   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice
14   to the respondents; (4) the public policy favoring disposition of cases on their merits[;] and (5) the
15   availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam)
16   (internal quotation marks and citation omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir.
17   1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

18       The first two factors -- the public's interest in expeditious resolution of litigation and the Court's
19   need to manage its docket -- weigh in favor of dismissal.  Petitioner's failure to file a response to the
20   Order to Show Cause hinders the Court's ability to move this case toward disposition and indicates
21   that petitioner does not intend to litigate this action diligently.

22       The third factor -- prejudice to respondent -- weighs in favor of dismissal.  A rebuttable
23   presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution
24   of an action. Eisen, 31 F.3d at 1452-53.  Nothing suggests that such a presumption is unwarranted
25   in this case.

26       The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against
27   dismissal.  However, it is petitioner's responsibility to move his case toward a disposition at a
28   reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley Co., 942

4

F.2d 648, 652 (9th Cir. 1991).  By failing to file a response to the Order to Show Cause as ordered by the Magistrate Judge, petitioner has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal.  The Magistrate Judge attempted to avoid dismissal when he issued the January 26, 2015, Order to Show Cause giving petitioner an opportunity to show cause why this case should not be dismissed as successive.  Nonetheless, to date, petitioner has failed to file a response to the Order to Show Cause as required by the Order.

Taking all of the above factors into account, dismissal of the Petition for failure to prosecute and follow court orders, is appropriate.  Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent.  <u>See</u> <u>West Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990).  In this case, petitioner was cautioned about the possibility of dismissal in the January 26, 2015, Order to Show Cause.  (Dkt. No. 3 at 3-4 ("**Failure to respond by February 16, 2015, will result in the instant Petition being summarily dismissed without prejudice**.").

In light of the foregoing, the Court finds that it is also appropriate to dismiss the Petition without prejudice for failure to prosecute and follow court orders.

### III.

### <u>ORDER</u>

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice as successive, and for failure to prosecute and follow court orders.

DATED:  February 26, 2015

_____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE